## In re the MARRIAGE OF RONEK.

**Upon the Petition of Joyce C. Ronek, Petitioner-Appellee, and concerning George S. Ronek, Respondent-Appellant.**

No. 2–67630.

Court of Appeals of Iowa.

Aug. 26, 1982.

Glenn Bartelt, Maquoketa, and Robert L. Sudmeier of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for respondent-appellant.

Robert D. Klauer, Dubuque, for petitioner-appellee.

OXBERGER, Chief Judge.

Respondent George S. Ronek appeals the economic provisions of the trial court's dissolution decree. We affirm and modify.

This is the second marriage for both parties, who are forty-three and forty-five years old, respectively. They were twenty-seven and twenty-five years old when married in 1967, and both had previously been married. George paid support for his two children by his prior marriage at the rate of $40 per week during the entire term of this marriage. Joyce's two children lived with and were supported by George during this marriage.

Prior to her marriage to George, Joyce had been working for seven years as a bartender. For two years (1973–75), she worked at a factory, earning $183 per week. Since the separation, Joyce's efforts to find a job have been unsuccessful.

George has worked twenty-three years at the John Deere Corporation and will be entitled to a pension of $700 per month in seven years. He presently earns $308.54 net weekly.

Although George feels the property settlement was overly generous in favor of Joyce, his principal objection is to the alimony awarded to Joyce: $100 per week for three years, then $75 per week until Joyce receives social security, then $50 per week for life.

The Code, § 598.21(3)(e)–(f) 1981, provides that an alimony award must be based upon:

e. The earning capacity of the party seeking maintenance including educational background, training, employment skills, work experience, length of absence from the job market, custodial responsibilities for children and the time and ex-

pense necessary to acquire sufficient education or training to enable the party to find appropriate employment.

f. The feasibility of the party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage, and the length of time necessary to achieve this goal.

We must first determine what is "appropriate employment" for Joyce. Inasmuch as Joyce had been employed for seven years prior to her marriage as a bartender, and the record reveals nothing that would adversely affect her current employability in that capacity, bartending is appropriate employment for her under section 598.21(3)(e).

Secondly, we must determine whether it is feasible for her to become self-supporting at a standard of living reasonably comparable to that which she enjoyed during the marriage. During the marriage, the parties depended upon George's earnings for their own support and for that of their four children by prior marriages. All four children have now reached their majority. Joyce testified that her monthly living expenses are $731. Joyce was awarded all the $41,500 equity in the marital home. Her mortgage balance is $4500 and she pays only $171 monthly for the mortgage and taxes. We conclude that Joyce will be able to maintain a standard of living reasonably comparable to that maintained during the marriage through her own job skills.

The sole question remaining is when Joyce might secure a job during these times of high unemployment. Jobs in areas in which Joyce is qualified are scarce. The record reveals nothing about other areas in which Joyce might seek employment if trained. Therefore, we are not concerned with a training period. We find that it is reasonable to anticipate that Joyce will find appropriate employment within two years.

The decree of the trial court is therefore modified by deleting all alimony obligations beyond two years. Alimony payments shall begin on the first of the month following the filing of this opinion. All other provisions in the trial court's decree are affirmed. The matter is therefore remanded for an entrance of the modification pursuant to this opinion. Costs are taxed to George.

AFFIRMED AND MODIFIED.